UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tyrese Thomas, | Case No. 21-CV-1955 (MJD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

Petitioner Tyrese Thomas, a state prisoner, commenced this action by filing a motion for an extension of time to submit a petition for a writ of habeas corpus. (*See* Dkt. 1.) The motion should be denied and this matter dismissed without prejudice.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitations period for challenging a state court judgment in a federal habeas petition. That limitations period typically begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), though other triggering dates apply in rarer circumstances, *see* 28 U.S.C. § 2244(d)(1)(B)-(D), and the limitations period is tolled while state-court postconviction proceedings are ongoing, *see* 28 U.S.C. § 2244(d)(2).[1]

---

[1] Because Thomas does not identify the claims that he intends to raise in the habeas proceedings, this Court cannot identify with certainty the date on which the limitations period for those claims began to run. *See* 28 U.S.C. § 2244(d). That said, Thomas's conviction became final in 2016, and by all indications, substantially more than one year has already elapsed since that time during which no petition for post-conviction relief

Nothing in the statute permits the Court to extend the limitations period established by § 2244(d) as Thomas requests. *Prieto v. Quarterman*, 456 F.3d 511, 513-14 (5th Cir. 2006); *cf. United States v. Poole*, No. CR13-3003-MWB, 2015 WL 13283253, at *1 (N.D. Iowa July 6, 2015) (discussing requests for extension to file motions pursuant to 28 U.S.C. § 2255).

That said, the federal limitations period is "subject to equitable tolling in appropriate cases" where a petitioner can demonstrate both that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (quotation omitted). But to the extent that Thomas's motion for an extension can be interpreted as a request that the limitations period be equitably tolled, that request is premature: The Court cannot know that Thomas diligently pursued his rights throughout the period leading up to the filing of his habeas petition until Thomas actually files his habeas petition. *See Knutson v. McNurlin*, No. 15-CV-2807 (DSD/BRT), 2015 WL 5472805, at *2 (D. Minn. Sept. 16, 2015) ("This Court simply cannot know, at this juncture, whether Knutson will diligently pursue his rights over the next five months and, more importantly, whether he will be prevented from timely filing a federal habeas petition due to some extraordinary circumstance."); *cf. United States v. Asakevich*, 810 F.3d 418, 421-24 (6th Cir. 2016). Insofar as Thomas intends to argue that the statutory limitations

---

from Thomas was pending in state court. *See Thomas v. State of Minnesota*, No. A19-0641, 2020 WL 2517070, at *1-2 (Minn. Ct. App. May 18, 2020).

period should not be applied in his case, he must do so *after* filing his habeas petition, not before.

Because the Court cannot extend the limitations period or preemptively excuse a petitioner's failure to timely file a habeas petition, it is recommended that this matter be dismissed without prejudice. This recommendation of dismissal is not intended to preclude Thomas from later arguing in future habeas proceedings either that his claims for relief are timely under § 2244(d) or that the statute of limitations should not be applied to his petition. Thomas, however, must file his habeas petition before raising those arguments.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE.

2. Petitioner Tyrese Thomas's application to proceed *in forma pauperis* (Dkt. 2) be DENIED.

3. No certificate of appealability be issued.

Dated: September 8, 2021         *s/Elizabeth Cowan Wright*
                                 ELIZABETH COWAN WRIGHT
                                 United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

3

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).